Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton,
a la cual se une la Jueza Asociada Señora Fiol Matta.
Por entender que los contribuyentes ante nos pueden impugnar la cuantía de la contribución especial sobre pro-piedad inmueble sin tener que pagar la totalidad de la can-tidad impugnada para lograr acceso al foro judicial, disentimos.
El Departamento de Hacienda requirió a Lilly del Ca-ribe, Inc. el pago de $293,752.80 en concepto de la contri-bución especial sobre propiedad inmueble. De otra parte, a DirecTV Puerto Rico, LTD, le requirió el pago de $838,814.63 con el mismo propósito. Oportunamente, am-bas empresas solicitaron por separado revisión administra-tiva ante el Departamento de Hacienda y el Centro de Re-caudación de Ingresos Municipales (CRIM). Lilly del Caribe, Inc. se opuso al cobro de la contribución, alegando que le cobijaba un decreto de exención. Por su parte, Di *260 recTV Puerto Rico se opuso al cobro, alegando que el De-partamento de Hacienda no tenía autoridad legal para requerirlo. Ambas compañías acompañaron su recurso de revisión con cheques por una cantidad equivalente al cua-renta por ciento (40%) de la contribución que impugnaban. En específico, Lilly del Caribe pagó $117,501.13 y DirecTV Puerto Rico pagó $335,525.85. Transcurrieron sesenta días desde que se presentaron las impugnaciones, por lo que ambas empresas acudieron por separado ante el Tribunal de Primera Instancia.
Por su parte, el Departamento de Hacienda presentó mociones de desestimación en ambos casos. Alegó que el foro primario no tenía jurisdicción para atender estas ac-ciones de impugnación, pues las empresas contribuyentes no cumplieron con el requisito jurisdiccional de pagar la totalidad de la cuantía impugnada. En ambos casos, el Tribunal de Primera Instancia denegó desestimar. Insatisfe-cho, el Departamento de Hacienda acudió ante el Tribunal de Apelaciones.
En el caso de Lilly del Caribe, Inc., el foro apelativo intermedio revocó al foro primario y desestimó la acción de impugnación. Inconforme, Lilly del Caribe acudió ante nos. En el caso de DirecTV Puerto Rico el Tribunal de Apelacio-nes denegó expedir, por lo que se mantuvo la denegatoria de la desestimación emitida por el Tribunal de Primera Instancia. Inconforme, el Departamento de Hacienda acu-dió ante nos. Consolidamos ambos recursos.
Así pues, debemos determinar si un contribuyente que impugna la cuantía total de la contribución especial sobre propiedad inmueble tiene que pagar la cantidad total im-pugnada o si puede pagar solo el 40% de esa cantidad para satisfacer el requisito jurisdiccional para presentar la ac-ción de impugnación, según el Art. 3.48 de la Ley Núm. 83-1991, según enmendada, conocida como la Ley de Con-tribución Municipal sobre Propiedad de 1991 (21 L.P.R.A. sec. 5098a) (Ley Núm. 83).
*261 Una mayoría de este Alto Foro concluye que los contri-buyentes que deseen impugnar la cuantía de la contribu-ción especial sobre la propiedad inmueble —por entender que no se les debe requerir cuantía alguna— tienen que pagar la totalidad de la cantidad que se les ha reclamado para poder presentar la acción de impugnación. De esta manera, la posición mayoritaria resuelve que Lilly del Ca-ribe, Inc. y DirecTV Puerto Rico debieron pagar toda la deficiencia contributiva como requisito jurisdiccional pre-vio a presentar su acción judicial. Por ello, determina que el foro primario carecía de jurisdicción para atender sus reclamos y desestima ambas acciones. No estamos de acuerdo.
El Art. 3.48 de la Ley Núm. 83, supra, regula el proce-dimiento de revisión administrativa de la contribución especial sobre la propiedad inmueble. A esos efectos, este ar-tículo impone como requisito jurisdiccional para impugnar la contribución impuesta ante el foro judicial que se agote el remedio administrativo que ese artículo provee, en los treinta días siguientes a la fecha del depósito de la notifi-cación correspondiente. Asimismo, establece como requi-sito jurisdiccional que el contribuyente
(1) Pague al Centro de Recaudación la parte de la contribu-ción con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;
(2) pague al Centro de Recaudación la totalidad de la con-tribución impuesta.
Tanto la presentación de la impugnación, como el pago de la contribución impuesta, ya sea en su totalidad o en la parte con la cual se estuviere conforme, así como el pago del cuarenta por ciento (40%) de la parte de la contribución con la cual no se estuviere conforme, dentro del término dispuesto, se conside-ran de carácter jurisdiccional. 21 L.P.R.A. sec. 5098(a).
Al analizar esta disposición legal, la opinión mayorita-ria acoge la interpretación restrictiva propuesta por el De-partamento de Hacienda de que el pago del 40% solo se *262 permite cuando el contribuyente está conforme con parte de la cuantía requerida y cuestiona la parte restante.
Sin embargo, en términos prácticos, la mayoría del Tribunal no considera la posibilidad de que un contribuyente —en la misma posición de los litigantes ante nos— pueda entender razonablemente que su contribución debe ser cero dólares ($0.00), porque está exento o porque se le cobra incorrectamente. De esa manera, al estar de acuerdo con que se le cobre cero dólares ($0.00) por esta contribu-ción, el contribuyente, en un ejercicio válido de análisis sobre el derecho vigente, considerará suficiente pagar la totalidad de $0.00 más el 40% de la contribución impuesta. En efecto, esta fue la interpretación que hizo DirecTV Puerto Rico, según surge de su recurso ante nos. De igual forma, la opinión mayoritaria no contempla la posibilidad de que un contribuyente pague una cantidad nominal ar-bitraria, por ejemplo un dólar ($1), para argumentar que está de acuerdo con el cobro de esa cantidad, y poder pagar únicamente el 40% de la cantidad restante, logrando así acceso al foro judicial.
Por otra parte, la interpretación que la posición mayori-taria hace de este requisito jurisdiccional tiene un efecto contradictorio: un contribuyente al cual el legislador quiso proteger mediante un decreto de exención estaría obligado a pagar el 100% de la contribución impuesta para poder impugnarla, mientras que un contribuyente —que no de-biera estar exento y que coincida con que se le cobre cierta cantidad por ese concepto— podría satisfacer el requisito jurisdiccional pagando una cantidad menor.
Aplicando lo anterior al caso de autos, no estamos de acuerdo con que se desestime la acción de impugnación presentada por ambas empresas. Como expusimos, la in-terpretación que hicieron las contribuyentes fue razonable y lógica: estuvieron de acuerdo con que se les cobrara $0 por razones jurídicamente válidas y pagaron el 40% de la cantidad restante. Desestimar sus acciones de impugna- *263 ción tendría como efecto cerrarles las puertas del foro judicial a dos empresas que interpretaron razonablemente el ordenamiento vigente. Más aun, desestimar la acción de impugnación presentada por Lilly del Caribe, Inc. podría significar obligarla a pagar la contribución especial im-puesta cuando realmente goza de un decreto de exención, que tiene derecho a defender ante el foro judicial.
A la luz de lo expuesto, es meritorio preguntarse qué incentivo tendría un contribuyente para pagar el 100% de la cuantía de la contribución especial sobre propiedad in-mueble que desea impugnar, teniendo disponible la opción de pagar únicamente el 40%. El legislador nos brinda la respuesta en el mismo Art. 3.48, supra:
El contribuyente que solicite una revisión administrativa, según se dispone en esta sección, no podrá acogerse al des-cuento por pronto pago dispuesto en la see. 5093 de este título, excepto cuando pague la totalidad de la contribución impuesta dentro de los términos prescritos por ley para tener derecho al descuento.
Siendo así, una consecuencia que tendría pagar solo el 40% de la cuantía impugnada es no beneficiarse del des-cuento de “10% del monto del semestre si el pago se efectúa dentro de treinta (30) días a partir de la fecha en que el recibo estuviere en poder del colector o del representante autorizado y así se anunciare”. 21 L.P.R.A. see. 5093.
Entendemos la preocupación de la mayoría de que el legislador quiso evitar que los contribuyentes evadan su obligación presentando acciones de impugnación inmeritorias. Sin embargo, el Informe de la Comisión de Asuntos Municipales y de la Comisión de Hacienda de la Cámara de Representantes sobre el R de la C. 1543, 13ra Asamblea Legislativa, 3ra Sesión Ordinaria, 12 de junio de 1998, pág. 2, explicó que el requisito jurisdiccional discu-tido “es necesario, ya que en la práctica los contribuyentes obvian el proceso de revisión administrativa, recurriendo directamente a los Tribunales y dejando de pagar la con- *264 tribución impuesta hasta tanto el Tribunal emita su deci-sión sobre el caso”. Como puede apreciarse, la preocupa-ción del legislador radicaba en que el contribuyente no pagara cantidad alguna mientras estuviera en curso la ac-ción de impugnación de la contribución especial. Para atender lo anterior, el legislador quiso asegurar que el era-rio recibiera, al menos, el 40% de la contribución impuesta.
Ciertamente, la interpretación que se ha hecho del refe-rido Art. 3.48, supra, pone en riesgo la seguridad jurídica de quienes descansaron en decretos de exención, como hizo Lilly del Caribe, Inc. en el presente caso. Por el contrario, se les dificulta la revisión judicial mediante la imposición de requisitos jurisdiccionales onerosos no contemplados en ley.
Por todo lo anterior, habríamos permitido que ambas acciones continuaran ante el Tribunal de Primera Instancia.